**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARI KRISHNA PANDITHAR; et al., | No. 07-71730 |
| Petitioners, | Agency Nos.     A098-146-177 |
| v. | A098-146-178<br>A098-146-179 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 21, 2010[**]
San Francisco, California

Before: HUG, BEEZER and HALL, Circuit Judges.

   Hari Krishna Pandithar ("Pandithar"), his wife Rashid Latha and their minor

son Hamish Ryan Krishna, natives and citizens of Fiji, petition for review of the

Board of Immigration Appeals' ("BIA") dismissal of their appeal of an

Immigration Judge's ("IJ") decision ordering them removed from the United

---

   [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

States.  Pandithar had previously applied for asylum, withholding of removal and relief under the Convention Against Torture.  The BIA affirmed the IJ's decision, concluding that Pandithar was not credible.

We have jurisdiction over this matter pursuant to 8 U.S.C. § 1252(a)(1), and we grant Pandithar's petition for review.

The facts of this case are known to the parties.  We do not repeat them.

## I

"When the BIA affirms and adopts an IJ's decision, [we review] the decision of the IJ."  *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009).

We will uphold the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole."  *Abebe v. Gonzales*, 432 F.3d 1037, 1039–40 (9th Cir. 2005) (en banc) (internal quotation marks omitted).  Substantial evidence exists "unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B)

## II

Although the IJ and BIA based the adverse credibility finding on four considerations, none of these grounds provides substantial evidence for the finding.

The purported inconsistency between Pandithar's asylum interview and his hearing testimony does not provide substantial evidence for an adverse credibility

2

finding.[1]  A transcript of the asylum interview was not provided—nor is one included in the administrative record for our review—and the asylum officer who conducted Pandithar's interview did not testify during Pandithar's hearing.  *See Singh v. Gonzales*, 403 F.3d 1081, 1089–90 (9th Cir. 2005).

Pandithar's statements in his declaration and his testimony before the IJ was consistent as to the injuries that his wife suffered after a particular attack. Although Pandithar's declaration is "not as complete as might be desired [it] cannot, without more, properly serve as a basis for a finding of lack of credibility." *Akinmade v. INS*, 196 F.3d 951, 956 (9th Cir. 1999) (internal citations and quotations omitted).

Pandithar's testimony regarding the response by the Fiji police to his persecution complaints was also consistent.  During his testimony, Pandithar stated that the Fiji police "did not take any interest" in the numerous incidents with native Fijians that Pandithar reported to them and that the police did not "assist" him. These statements do not contradict Pandithar's assertion that the police "did write something on a piece of paper" and that he obtained a police report from them

---

[1] Contrary to the government's assertions, Pandithar properly exhausted this issue by specifically appealing the IJ's decision to compare his testimony during the hearing with his asylum interview.  *See Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam).

concerning one of the incidents.  Pandithar may reasonably have thought that merely writing something down and filing a routine police report did not mean that the police took an interest in his plight and assisted him in obtaining justice.

Pandithar's inability to obtain affidavits from his mother and brother does not provide substantial evidence for the adverse credibility determination because nothing in the record suggests that Pandithar could even contact these relatives, much less "reasonably" obtain affidavits from them.  *Cf. Shrestha v. Holder*, 590 F.3d 1034, 1047–48 (9th Cir. 2010) (holding that corroborating evidence was reasonably obtainable because an alien was in "regular contact" with his parents).

Even in the aggregate, these four findings do not provide substantial evidence for the IJ's and the BIA's adverse credibility finding.  We remand to the BIA for further proceedings. We do not consider the denial of the motion to remand to the IJ because that is dependent on the BIA's ultimate ruling.  In this context, the BIA may wish to remand to the IJ concerning changing country conditions.

**Petition GRANTED; REMANDED to the BIA for further proceedings.**

4